UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ann Gates-Middleton and Ervin Middleton, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> Guaranteed Rate, Inc. and Wells Fargo Bank, N.A., <br><br> Defendants. | Case No. 2:21-cv-01944-GMN-DJA <br><br> **Order** |

*Pro se* plaintiffs Ann Gates-Middleton and Ervin Middleton have filed a complaint and other documents with the Court but have yet to pay the filing fee for their case or apply to proceed *in forma pauperis*. Plaintiffs assert that they are not required to do either. (ECF No. 5, at 4). Plaintiffs have also filed a motion for clarification (ECF No. 9); a motion for summonses (ECF No. 11); and a "motion for withdrawal of magistrate" (ECF No. 12). Because the Plaintiffs have not paid the filing fee or applied to proceed *in forma pauperis*, the Court cannot screen their complaint or decide their motions. The Court thus denies Plaintiff's motions (ECF Nos. 9, 11, and 12) as moot and orders the Plaintiffs to either pay the filing fee or apply to proceed *in forma pauperis* by Friday, February 11, 2022. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

After Plaintiffs filed their initiating documents with the Court, the Court issued an advisory letter, explaining that, if Plaintiffs wished to proceed without paying the filing fee—known as proceeding *in forma pauperis*—they could submit the application. (ECF No. 2). The Honorable District Judge Gloria M. Navarro then issued a minute order in which she ordered the

Plaintiffs to show cause why they met the jurisdictional requirements under 28 U.S.C. § 1331 or 1332.  (ECF No. 4).

In response, Plaintiffs called into question the validity of the minute order and the inclusion of the undersigned Magistrate Judge on the matter.  (ECF No. 5).  They also asserted that "[w]e don't HAVE to [f]ill out the obnoxious and intrusive 'Informa Pauperis' [sic] form, and we are not going to."  (*Id.* at 4).  Plaintiffs accuse the Court of "actively engaging in extorting court fees..."  (*Id.* at 5).

Plaintiffs then moved for clarification, asking why the undersigned Magistrate Judge was still on their case, even though they did not consent.  (ECF No. 9).  Plaintiffs also moved for summonses to be issued, asking why the Court has not yet issued them.  (ECF No. 11).  Plaintiffs then re-filed their motion for summonses as a "Motion (Demand) for Withdrawal of Magistrate."  (ECF No. 12).  To date, Plaintiffs have neither paid the filing fee nor applied to proceed *in forma pauperis*.

**II. Discussion.**

    ***A.    Plaintiffs must pay the filing fee or apply to proceed* in forma pauperis.**

Plaintiffs are not exempt from the requirement under 28 U.S.C. § 1914 and this Court's Local Rules to pay a filing fee or apply to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914 (providing that the clerk of each district court shall require the parties instituting any civil action…to pay a filing fee of $350…[and] additional fees…as are prescribed by the Judicial Conference of the United States); *see District Court Miscellaneous Fee Schedule*, UNITED STATES COURTS, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited January 12, 2020) (setting an administrative fee of $52 for civil actions in accordance with 28 U.S.C. § 1914); *see* LSR 1-1 (providing that a person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis* and must use the form provided by the court).  Plaintiffs' conclusion that they are not required to pay the fee or apply to proceed *in forma pauperis* appear to come from their apparent adherence to the "sovereign citizen" anti-government movement.  As one court described it:

> Though the precise contours of their philosophy differ among the various groups, almost all antigovernment movements adhere to a theory of "sovereign citizen."  Essentially, they believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are "corporate" or "14th Amendment" citizens by virtue of the ratifications of the 14th amendment.  The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent.  One of the more cogent[—]in the sense that it is readily followed—arguments is that there were no United States citizens prior to the ratification of the 14th Amendment.  All Americans were merely citizens of their own state and owed no allegiance to the federal government.  As a result of that amendment, however, Congress created a new type of citizen—one who now enjoyed privileges conferred by the federal government and in turn answered to that government.
>
> One of the ramifications of this belief is the dependent belief that, unless one specifically renounces his federal citizenship, he is not the type of citizen originally contemplated by the Constitution.  And, in their view, the Constitution requires all federal office holders to be the original or sovereign type of citizen, a state citizen rather than a United States citizen.  As a result, all federal officers are holding office illegally and their laws and rules are thus constitutionally suspect.

*Clarke v. Allen*, No. 3:17-cv-00582-MMD-WGC, 2020 WL 3510921, at *1-2 (D. Nev. June 29, 2020) (quoting *United States v. Mitchell*, 405 F. Supp. 2d 602, 605 (D. Md. 2005)).

Other courts have described a similar theory based on the belief that passing the Fourteenth Amendment led to fictitious entities:

> Supposedly, prior to the passage of the Fourteenth amendment, there were no U.S. citizens; instead, people were citizens only of their individual states.  Even after the passage of the Fourteenth Amendment, U.S. citizenship remains optional.  The federal government, however, has tricked the populace into becoming U.S. citizens by entering into "contracts" embodied in such documents as birth certificates and social security cards.  With these contracts, an individual unwittingly creates a fictitious entity (*i.e.*, the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.

*Id.* (quoting *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007)).

However, "[t]he attempt to divide oneself into two separate entities…is a legal fiction and has been struck down consistently in courts and around the country." *Id.* (internal citations and quotations omitted).

As the Honorable Magistrate Judge William G. Cobb aptly explained, "[t]his court, like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Id.* (internal citations and quotations omitted). "Laws of the United States apply to all persons within its borders." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

The Court rejects Plaintiffs' theory that they are exempt from the requirement to pay the filing fee or apply to proceed *in forma pauperis*. Plaintiffs may either pay the full filing fee or—if they cannot pay the filing fee—apply to proceed *in forma pauperis* on this Court's approved form. That form can be found at https://www.nvd.uscourts.gov/court-information/forms//.

### B. The Court denies Plaintiff's pending motions.

Because Plaintiffs have not paid the filing fee or applied to proceed *in forma pauperis*, their case has not commenced. The Court thus denies their pending motions as moot. (ECF Nos. 9, 11, 12). However, considering the arguments raised in Plaintiffs' motions, some additional explanation is necessary here.

#### 1. Consenting to Magistrate Judge jurisdiction.

While Plaintiffs argue that they have not consented to the jurisdiction of a Magistrate Judge, a Magistrate Judge does not need the parties' consent to be assigned to a case and decide pretrial or referred matters. Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court…" 28 U.S.C. § 636(b)(1)(A). The local rules of this district provide that Magistrate Judges may "hear and

finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." LR IB 1-3.  Additionally, the Local Rules provide that a District Judge may refer a motion, petition, or application that a Magistrate Judge may not finally determine under 28 U.S.C. § 636(b)(1)(B) to the Magistrate Judge to review and issue findings and recommendations for disposition by the District Judge.  LR IB 1-4.  To put it simply, the undersigned Magistrate Judge does not need any party's consent to be assigned to this case and decide pretrial matters and matters that the Honorable District Judge Gloria M. Navarro refers to him.

If the parties wish, however, to have the undersigned Magistrate Judge conduct the *entire* civil trial or proceeding—rather than just deciding pretrial matters and referred matters—they must consent.  *See* Fed. R. Civ. P. 73(a).  This is not automatic.  Rather, after Plaintiffs have either paid the filing fee or applied to proceed *in forma pauperis*[1] the Court will provide the parties with a link to the "AO 85 Notice of Availability and Order of Reference – Exercise of Jurisdiction by a U.S. Magistrate Judge" form by which the parties can consent to the undersigned's jurisdiction if they so choose.

### 2.  Issuing summonses.

The Court has similarly not issued Plaintiffs' summonses because they have neither paid the filing fee nor applied to proceed *in forma pauperis* to start their case.  Because they have done neither, their complaint is not properly filed.  It is the filing of the complaint that triggers Plaintiffs' ability to present a summons to the clerk for signature and seal.  *See* Fed. R. Civ. P. 4(b).  Because the Plaintiffs have not properly filed the complaint by paying the filing fee or applying to proceed *in forma pauperis* and having their claims survive the screening process, they are not entitled to have summons issued.

---

[1] If the Plaintiffs decide to apply to proceed *in forma pauperis*, their claims must also first pass the Court's screening.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing for the *sua sponte* dismissal of the complaint filed by a plaintiff proceeding *in forma pauperis* if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against an immune defendant); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (explaining that § 1915(e) is not limited to prisoners).

1     **IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 9, 11, and 12) are **denied as moot** because Plaintiffs have yet to pay the filing fee or apply to proceed *in forma pauperis*.

    **IT IS FURTHER ORDERED** that Plaintiffs must either pay the full $402 filing fee (which includes the $350 filing fee and the $52 administrative fee) or file a completed application to proceed *in forma pauperis* on the Court's approved form by **Friday, February 11, 2022**. The Clerk of Court is kindly directed to mail Plaintiffs the approved form application to proceed *in forma pauperis* along with the information and instructions for filing it.

    **IT IS FURTHER ORDERED** that, if Plaintiffs do not pay the full filing fee or file a complete application to proceed *in forma pauperis* on or before **Friday, February 11, 2022**, the Court will recommend dismissal of this action without prejudice.

DATED: January 12, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE